[Cite as *State v. Drake*, 2017-Ohio-4027.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 16CA0056-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRANDON K. DRAKE | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 16 CR 0048 |

DECISION AND JOURNAL ENTRY

Dated: May 30, 2017

CALLAHAN, Judge.

{¶1} Appellant, Brandon Drake, appeals his conviction from the Medina County Court of Common Pleas. This Court reverses.

I.

{¶2} Mr. Drake pled guilty to a single count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), a felony of the third degree. During the plea colloquy, the trial court advised Mr. Drake that the maximum prison sentence for the offense was thirty-six months. After a sentencing hearing, Mr. Drake was sentenced to forty-eight months in prison. Mr. Drake now appeals, raising a single assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE COURT IMPROPERLY ADVISED THE DEFENDANT OF THE MAXIMUM PENALTIES AND THEREFORE A KNOWING, INTELLIGENT[,] AND VOLUNTARY PLEA WAS NOT MADE[.]

{¶3}   In his sole assignment of error, Mr. Drake argues his plea was not knowing, intelligent, and voluntary because the trial court failed to advise him of the maximum potential sentence he could receive for his plea to unlawful sexual conduct with a minor.   This Court agrees.

{¶4}   "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily."  *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).  Prior to accepting a guilty plea, a trial court must engage in a dialogue with the defendant as described in Crim.R. 11(C) to ensure the plea is being made knowingly, intelligently, and voluntarily. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25-26.  "[I]n conducting this colloquy, the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her * * * plea."  *Id*. at ¶ 26.  The court must strictly comply when advising the defendant of the constitutional requirements listed in Crim.R. 11(C)(2)(c).  *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 22.  The court must substantially comply when providing the nonconstitutional notifications in Crim.R. 11(C)(2)(a) and (b). *Id.* at ¶ 14.

{¶5}   In this context, "[s]ubstantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, citing *State v. Stewart*, 51 Ohio St.2d 86 (1977) and *State v. Carter*, 60 Ohio St.2d 34, 38 (1979).  "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect.  The test is whether the plea would have otherwise been made."  (Internal citations omitted.) *Nero* at 108.  A defendant may challenge his guilty plea either through a

motion to withdraw the plea in the trial court or on direct appeal. *State v. Lockhart*, 9th Dist. Summit No. 26799, 2015-Ohio-856, ¶ 6.

{¶6} Under Crim.R. 11(C)(2)(a), a trial court must "[d]etermin[e] that the defendant is making the plea voluntarily, with [an] understanding of the nature of the charges and of the maximum penalty involved, * * *." A trial court fails to substantially comply with this rule when it gives a defendant inaccurate information about the maximum sentence that he is facing. *See State v. Wagner*, 9th Dist. Medina No. 08CA0063-M, 2009-Ohio-2790, ¶ 12; *see also State v. Ashley*, 9th Dist. Medina No. C.A. 2126-M, 1993 WL 89744, *2 (Mar. 31, 1993) ("The failure of the trial court to properly inform [a defendant] of the maximum penalty applicable to his offense is reversible error.").

{¶7} Here, the trial court engaged in a detailed dialogue with Mr. Drake. However, as part of that dialogue, the trial court advised Mr. Drake: "It's a single count, felony three unlawful sexual conduct with a minor, a felony of the third degree. I think the maximum punishment is thirty-six months. Am I correct?" to which the prosecutor responded, "Yes." Later during the plea, the court told Mr. Drake, "I have indicated to you this is a felony of the third degree, the maximum punishment being thirty-six months in prison * * *." The court found Mr. Drake's guilty plea to be "made knowingly, voluntarily, and intelligently."

{¶8} The trial court incorrectly advised Mr. Drake as to the maximum possible penalty for the offense. R.C. 2929.14(A)(3)(a) provides that, for the offense of unlawful sexual conduct with a minor, a felony of the third degree[1], "the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months."

---

[1] Unlawful sexual conduct with a minor is a third degree felony only when the offender is ten or more years older than the other person. During the plea colloquy, the trial judge read Mr. Drake the indictment including, "and further, that you're 'ten or more years older than Jane Doe.'"

{¶9} While the State concedes that Mr. Drake was not advised of the correct maximum penalty during his plea, it argues his conviction should be affirmed because the court substantially complied with Crim.R. 11, Mr. Drake did not provide a transcript of his arraignment, and Mr. Drake failed to prove any prejudice. The State's arguments are without merit. As already stated, when a trial court misinforms a defendant of the maximum penalty, the court fails to substantially comply with Crim.R. 11. *See Wagner*, 2009-Ohio-2790, at ¶ 12.

{¶10} The State contends that Mr. Drake failed to meet his burden on appeal because he submitted only a partial transcript, i.e. the transcript of the plea and the sentencing. It suggests that Mr. Drake "may" have been advised of the correct maximum penalty during his arraignment and, therefore, made his plea with knowledge of the maximum penalty. "Ohio Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review." *Nero*, 56 Ohio St.3d at 107. The mandates of Crim.R. 11 apply to the plea and therefore, not only did Mr. Drake submit the necessary transcript, a transcript of the arraignment would have had little bearing on his appeal. Even assuming, as the State urges, that Mr. Drake was previously told the correct maximum penalty because "this Court must presume the validity and regularity of the trial court's arraignment proceeding," the State fails to explain how a correct advisement at the time of arraignment could possibly negate a later, incorrect advisement at the time Mr. Drake was entering his guilty plea.

{¶11} "'[I]t is axiomatic that a defendant must know the maximum penalty involved before the trial court may accept his guilty plea.'" *State v. Puckett*, 4th Dist. Scioto No. 03CA2920, 2005-Ohio-1640, ¶ 9, quoting *State v. Corbin*, 141 Ohio App.3d 381, 386-387 (8th Dist.2001), citing *State v. Wilson*, 55 Ohio App.2d 64 (1st Dist.1978) and *State v. Gibson*, 34

Ohio App.3d 146 (8th Dist.1986). "The potential sentence hanging over a pleading defendant is one of the important matters on his mind, if not the most important, * * *." *Wilson* at 66. In the present matter, Mr. Drake pled guilty to unlawful sexual conduct with a minor with the understanding that the maximum potential penalty he could receive at sentencing would be thirty-six months in prison. Instead, he was sentenced to forty-eight months in prison. Albeit statutorily permissible, Mr. Drake's sentence exceeds the maximum sentence he was advised he could receive when he entered his plea. Based upon the totality of the circumstances, this Court cannot conclude that Mr. Drake subjectively understood the implications of his plea and must conclude that his plea was not made knowingly, intelligently, and voluntarily.

{¶12} This case is unlike *Wagner*. In *Wagner*, this Court could not infer any prejudice. *Wagner*, 2009-Ohio-2790, at ¶ 16. In that case, the defendant was advised at the plea hearing that the maximum penalty was thirty months in prison. *Id.* at ¶ 12. In actuality, the maximum penalty was seven and one half years in prison. *Id.* The defendant was sentenced to eighteen months in prison. *Id.* at ¶ 4. Although the defendant was misinformed of the maximum penalty, he received a sentence that was less than the amount that he was informed he faced. By contrast, in the present case, Mr. Drake was sentenced to a longer period of incarceration than he was informed that he faced. When a defendant receives a sentence that exceeds what he was informed by the court was the maximum penalty, the prejudice is apparent on its face. *See State v. Schmidt*, 11th Dist. Portage No. 2012-P-0034, 2015-Ohio-2450, ¶ 22 ("Appellate courts have reversed guilty pleas when the trial court understated the maximum penalty at the plea hearing and then imposed an actual sentence greater than the understated plea.").

III.

{¶13} Mr. Drake's sole assignment of error is sustained. The judgment of the Medina County Court of Common Pleas is reversed, Mr. Drake's guilty plea is vacated, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JOHN D. MIZANIN, JR., Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.