[Cite as *Greenlawn Cos. v. Canty*, 2024-Ohio-3412.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Greenlawn Companies, | : | |
| Plaintiff-Appellee, | : | No. 23AP-385 |
| v. | : | (M.C. No. 2023CVG-12846) |
| Latasha Canty, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 5, 2024

**On brief:** *Brett E. Younkin*, for appellee. **Argued:** *Brett E. Younkin*.

**On brief:** *The Legal Aid Society of Columbus*, *Kaci Philpot*, *Nia Kaudo*, *Maxim Perel*, and *Thomas N. Pope*, for appellant. **Argued:** *Kaci Philpot*.

**On brief:** *Elizabeth J. Birch*, for amicus curiae Ohio Manufactured Homes.

**On brief:** *Ryan Maxwell*, for amicus curiae Community Legal Aid Services, Inc.

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Defendant-appellant, Latasha Canty, appeals from judgments entered by the Franklin County Municipal Court. For the following reasons, we reverse and remand this case for further proceedings.

## I. Facts and Procedural History

{¶ 2} Appellant leased a lot located in a mobile home park in Grove City, Ohio managed by plaintiff-appellee, Greenlawn Companies. On April 14, 2023, appellee filed an action for forcible entry and detainer seeking restitution of the lot; appellee did not seek

payment of past due lot rental payments. That complaint named as defendants: appellant, Alma Canty, Makalia Canty and "[a]ll [o]ther [o]ccupants"[1] and alleged defendants defaulted on the lease by failing to make the lot rental payment for April 2023. (Compl. at ¶ 6.) The complaint further alleged defendants had been provided the required statutory notice to vacate the lot and had not done so. None of the named defendants, including appellant, filed an answer or counterclaim to appellee's complaint.

{¶ 3} On May 3, 2023, the parties appeared before a municipal court magistrate for trial. Appellee was represented by private counsel; appellant was represented by counsel for the Legal Aid Society of Columbus.[2]

{¶ 4} Heather Dover, property manager for the mobile home park, testified on behalf of appellee. Dover testified appellant owned the mobile home situated on the lot that was the subject of appellee's complaint. Dover averred that after appellant became delinquent in her lot rental payments in November 2022, appellee advised her via letter dated February 8, 2023 that due to her outstanding balance and history of late or non-payment of rent, appellee would no longer accept late or partial payments. The letter further advised appellant that if she did not bring current her lot rental payments by March 9, 2023, appellee would institute eviction proceedings. Dover further testified that appellant thereafter made partial lot rental payments, but such were insufficient to cover the lot rental deficit. After appellant failed to bring her lot rental current by the March 9, 2023 deadline, appellee provided appellant with a three-day notice to vacate on March 14, 2023. On cross-examination, Dover acknowledged appellee accepted partial lot rental payments prior to the March 9, 2023 deadline set forth in the February 8, 2023 letter.

{¶ 5} Appellant testified she signed a written lease agreement for the lot, but admitted on cross-examination that she did not have a copy of it. She further testified that after receiving the February 8, 2023 letter from appellee, she attempted to make partial lot rental payments via money orders on March 4 and April 10, 2023; however, appellee refused to accept those partial payments.

---

[1] The complaint identified "[a]ll [o]ther [o]ccupants" as "persons whose identity is unknown to Plaintiff, and who may be occupying the premises yet are not parties to the lease agreement, nor do they occupy the premises with any prior authorization or permission, express or implies of Plaintiff. Further, any right to possession of the premises which they may claim is strictly derivative to that of the named Defendants and subject to termination hereby." (Compl. at ¶ 6.)

[2] On the day of trial, counsel for Legal Aid filed a "Notice of Limited Appearance of Counsel for Forcible Entry and Detainer Only." (May 3, 2023 Notice.)

{¶ 6} In a decision issued the same day as trial, the magistrate determined appellee had complied with the statutory notice to vacate requirements and proved non-payment of lot rental by a preponderance of the evidence. Accordingly, the magistrate recommended judgment for restitution of the lot to appellee. On May 4, 2023, the trial court adopted the magistrate's decision, entered judgment in favor of appellee, and ordered a writ of restitution to issue. The same day, the trial court issued a writ of restitution. The writ was received by a municipal court bailiff on May 8, 2023. On May 18, 2023, execution of the writ and setout of appellant's belongings was completed by appellee's employees under the supervision of the municipal court bailiff.

{¶ 7} Appellant did not file objections to the magistrate's decision during the 14-day period permitted by Civ.R. 53(D)(3)(b)(i), nor did she request a stay of the trial court's judgment prior to execution of the writ or appeal the trial court's judgment entry. Instead, on May 18, 2023, appellant filed a combined Civ.R. 60(B) motion for relief from judgment, Civ.R. 59(A) motion for new trial, and Civ.R. 62(A) request for stay of execution of the judgment.

{¶ 8} Appellant first argued that relief from judgment was justified under Civ.R. 60(B)(2), as she had just discovered, post-trial, the January 7, 2015 written contract she executed with appellee for purchase of the mobile home situated on the lot. She further asserted she had meritorious defenses to appellee's claims, in that she sought to enforce her rights under the arbitration clause of the purchase contract. As such, appellee was required to bring its action in arbitration, not through a forcible entry and detainer action. Appellant further argued that appellee violated R.C. 4781.40 by failing to offer appellant a written lease agreement for the lot or notify her of the lot rental fees. According to appellant, because the lot rental fee was undisclosed, appellee was precluded from proceeding with the eviction action for non-payment of lot rental. Appellant further asserted that her Civ.R. 60(B) motion was timely, having been filed within a reasonable time after the eviction judgment was entered. Appellant requested the court grant relief from judgment pursuant to Civ.R. 60(B) and stay the case pursuant to Civ.R. 62 pending disposition of the Civ.R. 60(B) motion.

{¶ 9} Next, appellant argued she was entitled to a new trial pursuant to Civ.R. 59(A)(2) (misconduct of the prevailing party) and (A)(3) (surprise which ordinary prudence could not have guarded against) based on appellee's failure to disclose requested material

information (a copy of the mobile home purchase agreement executed between appellee and appellant on January 7, 2015) during the discovery process. Appellant further argued she was entitled to a new trial pursuant to Civ.R. 59(A)(8) (newly discovered evidence), as she had only discovered her copy of the purchase contract after the eviction judgment.

{¶ 10} On May 19, 2023, appellant filed a supplemental memorandum, arguing that although her belongings were set out and the locks on her mobile home were changed on May 18, 2023, her motions were not moot because the mobile home had not been removed from the lot and she could still recover possession of it if the motions were granted.

{¶ 11} On May 22, 2023, the trial court filed an entry denying appellant's motions as moot. The court noted appellant's acknowledgment that the judgment for eviction and issuance of the writ of restitution were enforced on May 18, 2023. The court found appellant had cited no legal authority in support of her argument that her motions were not moot despite the eviction judgment having already been enforced. The court further determined that appellant's possessory and ownership interests with respect to the mobile home were subject to the procedures set forth in R.C. 1923.12 through 1923.14.

{¶ 12} On May 30, 2023, appellee filed a motion to strike appellant's May 18, 2023 motions and May 19, 2023 supplemental memorandum for failure to serve appellee in accordance with Civ.R. 5.

{¶ 13} On May 31, 2023, appellant filed a second motion for new trial pursuant to Civ.R. 59(A).[3] Therein, appellant first acknowledged that service of the May 18, 2023 motion was not perfected; as such, she was withdrawing the motion. As to the merits of the motion, appellant again argued that she was entitled to a new trial pursuant to Civ.R. 59(A)(8), as the purchase agreement she discovered after entry of the eviction judgment constituted newly discovered evidence. Appellant also argued that despite the setout having already been completed, the issues necessitating a new trial were not moot because the setout was completed without the issuance of proper notices under R.C. 1923.12 through 1923.14 and because the improper setout could be cured by restoration of access to her mobile home. Appellant further argued that even if the case had been rendered moot as a result of the setout having been completed, the trial court should still consider and render a decision on the motion for new trial, as it met two of the exceptions to the mootness

[3] Appellant did not file a second Civ.R. 60(B) motion for relief from judgment.

doctrine—the case raises issues that are capable of repetition, yet evade review and she has and will continue to face adverse collateral consequences due to the eviction.

{¶ 14} In an order issued June 9, 2023, the trial court denied appellee's May 30, 2023 motion to strike on grounds that appellee sought to strike a motion upon which the court had already ruled. The court also denied appellant's May 31, 2023 motion for new trial as being a successive motion. The court specifically determined that "[n]otwithstanding the Court being informed, after the fact, that the previous motion for new trial was not properly served, the fact remains that the Court denied the motion. [Appellant's] attempt to 'withdraw' the motion after it was denied is not well taken." (June 9, 2023 Order.)

{¶ 15} On June 16, 2023, appellant filed a notice of appeal from the May 22 and June 9, 2023 judgments denying her motions for new trial.[4] On the same date, appellant moved the trial court to stay the proceedings pursuant to Civ.R. 62(B) during the pendency of the appeal. Following a non-evidentiary hearing, the trial court issued an order denying appellant's motion.

{¶ 16} On July 5, 2023, appellant moved this court to stay all proceedings before the trial court, including the execution of any previously issued writs and the issuance of any further writs under R.C. 1923.13(B) during the pendency of the appeal. By journal entry issued July 28, 2023, this court granted the motion for stay conditioned upon appellant's timely posting of a cash or supersedeas bond with the trial court clerk in the amount of her monthly lot rental obligation, beginning with the month of August 2023 and continuing every month during the pendency of the appeal.

{¶ 17} On July 28, 2023, appellant filed a motion in this court seeking to enjoin appellee and its agents from taking any action to sell, lease, modify, demolish, or otherwise encumber her mobile home and from taking any actions that would cause appellant to believe that she does not have the right to occupy said mobile home. Appellant further requested this court order appellee to lift a May 18, 2023 no trespass notice from the mobile home and to restore to her possession of the mobile home and the lot upon which it is situated.

---

[4] Appellant did not appeal the trial court's denial of her Civ.R. 60(B) motion.

{¶ 18} This court summarily denied appellant's motion for injunctive relief as well as appellee's motion to strike certain evidence submitted in support of appellant's motion. Appellant's motion for reconsideration was summarily denied by this court.

{¶ 19} On September 6, 2023, appellee moved for dismissal of the instant appeal as moot. In its motion, appellee argued the appeal is moot because a writ of restitution was executed and setout completed on May 18, 2023, that appellant secured a stay from this court on July 20, 2023 conditioned upon the timely payment of a supersedeas bond equivalent to her monthly lot rental, and that appellant had failed to pay her September bond obligation.

{¶ 20} On October 2, 2023, appellant filed a response to appellee's motion to dismiss, attached to which is her own affidavit attesting that due to the eviction: she has been homeless since the May 18, 2023 setout; her current employment scarcely covers the cost of paying for basic necessities and support for her children; she must pay for her family to stay with others; she was unable to pay the September bond obligation due to the need to pay for temporary housing; her costs of living have increased; and she has been denied rental opportunities due to the eviction and has otherwise been unable to secure permanent housing.

{¶ 21} This court resolved to decide appellee's motion to dismiss at the time we addressed the merits of appellant's appeal.

## II. Assignments of Error

{¶ 22} Appellant sets forth the following two assignments of error for our review:

> I. The court erred when it entered a manufactured home park eviction judgment entry that did not comply with the [R.C.] 1923.09(B) requirement to grant authority for the park operator to proceed under [R.C.] 1923.12, 1923.13(B), and 1923.14(B) should the home be abandoned.

> II. The court erred in overruling Appellant Canty's post judgment motion as moot because Appellee Greenlawn was not restored with possession of the lot at issue at the time the motion was denied.

## III. Discussion

{¶ 23} Turning first to the motion to dismiss, appellee argues the appeal is moot because appellant failed to comply with the terms of the stay imposed by this court by failing to pay her September bond obligation. Appellee further notes that appellant has vacated

the lot that was the subject of the eviction action. Citing exceptions to the mootness doctrine, appellant argues the appeal should not be dismissed as moot.

{¶ 24} In *T&R Properties, Inc. v. Wimberly*, 10th Dist. No. 19AP-567, 2020-Ohio-4279, ¶ 7, this court discussed the origins and application of the mootness doctrine:

> "The doctrine of mootness is rooted both in the 'case' or 'controversy' language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint. While Ohio has no constitutional counterpart to Section 2, Article III, the courts of Ohio have long recognized that a court cannot entertain jurisdiction over a moot question. It is not the duty of a court to decide purely academic or abstract questions." (Internal citations omitted.) *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist.1991). "No actual controversy exists where a case has been rendered moot by an outside event." *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991). "When a case becomes moot, dismissal of the case is appropriate because the case no longer presents a justiciable controversy." *Rithy Properties, Inc. v. Cheeseman*, 10th Dist. No. 15AP-641, 2016-Ohio-1602, ¶ 14.

{¶ 25} "An action for forcible entry and detainer is a method for an aggrieved landlord to recover possession of real property." *Id.* at ¶ 8, citing *Rithy Properties, Inc. v. Cheeseman*, 10th Dist. No. 15AP-641, 2016-Ohio-1602, ¶ 15. "Judgment in a forcible entry and detainer action only determines the right to immediate possession of the property." *Id.*, citing *Cheeseman* at ¶ 15. " 'If immediate possession is no longer at issue because the defendant vacates the premises and possession is restored to the plaintiff, then continuation of the forcible entry and detainer action or an appeal of such action is unnecessary, as there is no further relief that may be granted.' " *Id.*, quoting *Cheeseman* at ¶ 15.

{¶ 26} Here, appellant did not request a stay of the trial court's judgment prior to execution of the writ of restitution and was ousted from the premises upon execution of the writ. With the restoration of the premises to appellee, there is no actual, justiciable controversy between the parties, rendering her appeal moot. *Id.* at ¶ 9; *Kimberly Office Park, L.L.C. v. Williams*, 10th Dist. No. 15AP-579, 2015-Ohio-5002, ¶ 6 ("Williams failed to obtain a stay of execution and vacated the premises pursuant to a writ of restitution; accordingly, Williams' appeal of the trial court's judgment granting restitution of the premises to appellee is moot.").

{¶ 27} Further, this court's order staying the proceedings was conditioned upon appellant's posting of a supersedeas bond beginning August 2023 and continuing through the pendency of the appeal. Appellant admits that she failed to comply with the terms of the stay by failing to pay her September bond obligation. A defendant's failure to post a supersedeas bond renders all issues relating to the forcible entry and detainer action moot. *See Cherry v. Morgan*, 2d Dist. No. 2012 CA 11, 2012-Ohio-3594, ¶ 5.

{¶ 28} Appellant contends, however, that even if the present appeal is moot, this court should address her assignments of error because two exceptions to the mootness doctrine apply, thus precluding dismissal of the appeal.[5]

{¶ 29} Appellant first asserts that the collateral-consequences exception to the mootness doctrine applies. The Supreme Court of Ohio has recognized an exception to the mootness doctrine if the appealed judgment causes the appellant to suffer a collateral disability. *Reading Hills L.L.C. v. Bryant*, 10th Dist. No. 23AP-107, 2024-Ohio-312, ¶ 21, citing *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, ¶ 8. " '[T]he collateral-consequences exception to mootness applies [only] in cases in which the collateral consequence is imposed as a matter of law.' " *Id.*, quoting *Cyran* at ¶ 9.

{¶ 30} In support of her argument, appellant relies primarily on *Richmond's Ent. Inc. v. Anderson*, 2d Dist. No. 26674, 2016-Ohio-609. There, a tenant evicted via a forcible entry and detainer action participated in the HUD Housing Choice Voucher Program (Section 8). *Id.* at ¶ 12. The court noted that a federal regulation, 24 C.F.R. 982.52, applies to that program and gives a public housing authority agency authority to deny admission or terminate assistance to anyone who has been evicted from federally assisted housing in the past five years. *Id.* The court found that "the existence of a judgment against [the tenant] on the moot forcible-entry-and-detainer claim creates a nonspeculative and reasonably-possible adverse collateral consequence for [the tenant] that is sufficient to avoid us finding [the] appeal moot." *Id.*

---

[5] In response to appellee's motion to dismiss, appellant argues that the "capable of repetition, yet evading review" exception to the mootness doctrine applies to preclude dismissal of her appeal. (Oct. 2, 2023 Response in Opp. to Appellee's Mot. to Dismiss at 6-9.) However, in her reply brief filed in her merit appeal, appellant states that "[t]his appeal meets exceptions to the mootness doctrine for being an issue of great public importance and [she] has suffered – and will continue to suffer – adverse legal collateral consequences resulting from the lower court's judgment." She further averred that "[t]his Court should note that [she] is no longer arguing that the issues are capable of repetition yet evading review." (Appellant's Reply Brief at 1-2.)

{¶ 31} Appellant does not claim that she will suffer this collateral consequence as a result of her eviction. Rather, she claims that due to the eviction, her mobile home has been repossessed by her lender, resulting in the need to find alternative rental housing. According to appellant, she has been denied rental opportunities in four different apartment complexes. As noted by this court in *Reading Hills*, difficulty in obtaining alternative housing is a practical, not legal, consequence of an eviction judgment. *Reading Hills* at ¶ 22. So, too, is the consequence of appellant losing title to her mobile home at the discretion of a private lender. Because the consequences appellant claims to have suffered because of the eviction judgment are not imposed as a matter of law, such consequences are insufficient to invoke the collateral-consequences exception to the mootness doctrine.[6] *Reading Hills*.

{¶ 32} Appellant also asserts that this court should review her appeal because it raises an issue of great public or general interest. " 'Ohio recognizes an exception to the mootness doctrine for cases which present a debatable constitutional question or a matter of great public or general interest.' " *Olentangy Commons Owner L.L.C. v. Fawley*, 10th Dist. No. 22AP-293, 2023-Ohio-4039, ¶ 23, quoting *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991). "Considering an otherwise moot appeal because it presents an issue of great public or general interest should only occur with caution on rare occasions." *Wimberly* at ¶ 15.

{¶ 33} Appellant's appeal raises the issue of whether R.C. 1923.09(B)[7] requires a trial court judge who has found in favor of a plaintiff who is the operator of a mobile home park to include in the judgment entry language authorizing the plaintiff to permit, in accordance with R.C. 1923.12, 1923.13(B), and 1923.14(B), the removal from the mobile home park and potential sale, destruction, or transfer of ownership of the defendant's

---

[6] In her reply brief in her merit appeal, appellant raises two new arguments under the collateral-consequences exception to the mootness doctrine. Specifically, appellant contends that the trial court's improper judgment of eviction will: (1) interfere with her contractual and statutory rights to the mobile home and its contents in violation of R.C. 1923.12(B), 1923.13(B), and 1923.14(B)(2), and (2) limit her legal rights to correct the inaccuracies in her credit report under the Fair Credit Reporting Act, 15 U.S.C. 1681, et seq. App.R. 16(C) permits an appellant to file a brief "in reply to the brief of the appellee." The purpose of a reply brief is to respond to appellee's brief, not to raise issues for the first time. *Jacobs v. Great Southern Shopping Ctr., L.L.C.*, 10th Dist. No. 23AP-231, 2024-Ohio-1180, ¶ 14, citing *State v. Mitchell*, 10th Dist. No. 10AP-756, 2011-Ohio-3818, ¶ 47. As such, this court generally will not address arguments raised for the first time in a reply brief. *Id.*, citing *State v. Shedwick*, 10th Dist. No. 11AP-709, 2012-Ohio-2270, ¶ 50. We decline to do so here.
[7] R.C. 1923.09(B) and 1923.11(B) contain identical language. R.C. 1923.09(B) applies to actions tried to a judge. R.C. 1923.11 addresses verdicts rendered by a jury.

mobile home. Appellant maintains that "[s]ince R.C. [1923.09(B)] governs the required contents for eviction judgments in favor of mobile home park operators, it affects every forcible entry and detainer action involving an eviction from a mobile home park, raising issues of great public interest and falling within an exception to the mootness doctrine." (Oct. 2, 2023 Response at 16.) In a footnote, appellant states that "[a] simple search of cases appellee has filed in Franklin County shows that the court has never issued judgment containing the required language in mobile home evictions granted in favor of Appellee." (Response at 17, fn. 4.) As further support for her "great public interest" exception to mootness argument, appellant has appended to the reply brief filed in her merit appeal a list of over 100 eviction actions filed by various mobile home park operators in the Franklin County Municipal Court in the last 5 years.

{¶ 34} Appellant compares the instant case to *Wimberly*, in which we applied the "great public or general interest" exception to mootness where the issue in the appeal involved the municipal court's common practice of granting judgment in favor of a landlord in a forcible entry and detainer action based solely on an affidavit in lieu of live testimony when the tenant does not appear in court. Citing the entrenched nature of the affidavit practice and statistics regarding the multitude of eviction actions filed in the municipal court, we concluded that the issues in the appeal had the potential to affect every landlord, tenant, and property management company in Franklin County. *Wimberly* at ¶ 15.

{¶ 35} In the present case, review of the municipal court website confirms the substantial number of eviction cases filed by mobile home park operators in Franklin County. Although the data provided by appellant is not part of the trial court record and was attached to her reply brief rather than her response to the motion to dismiss, " ' "a court may take judicial notice of public court records available on the internet." ' " *Bayview Loan Servs., L.L.C., v. Humphreys*, 10th Dist. No. 20AP-396, 2021-Ohio-4324, ¶ 5, quoting *J.S. v. L.S.*, 10th Dist. No. 19AP-400, 2020-Ohio-1135, ¶ 21, quoting *State v. Chairperson of the Ohio Adult Parole Auth.*, 10th Dist. No. 17AP-651, 2018-Ohio-1620, ¶ 23.

{¶ 36} Applying the analysis employed in *Wimberly* to the present case, we find that the significant number of eviction cases instituted by mobile home operators in Franklin County means that the issue in this case—whether R.C. 1923.09(B) requires a trial court entering an eviction judgment in favor of a mobile home park operator to include in the judgment entry language authorizing the mobile home park operator to permit, in

accordance with R.C. 1923.12, 1923.13(B), and 1923.14(B), the removal from the mobile home park and potential sale, destruction, or transfer of ownership of the defendant's mobile home—impacts a substantial number of mobile home park residents and park operators. Accordingly, we conclude that the exception to the mootness doctrine for cases of great public or general interest applies to this case. We thus deny appellee's motion to dismiss.

{¶ 37} Having denied appellee's motion to dismiss, we now turn to the merits of appellant's appeal.

{¶ 38} By her first assignment of error, appellant argues the trial court erred in failing to comply with R.C. 1923.09(B) in entering its eviction judgment. That statute states:

> If a judgment is entered under this section in favor of a plaintiff who is a park operator, the judge shall include in the judgment entry authority for the plaintiff to permit, in accordance with [R.C. 1923.12, 1923.13(B) and 1923.14(B)], the removal from the manufactured home park and potential sale, destruction, or transfer of ownership of the defendant's manufactured home, mobile home, or recreational vehicle.

{¶ 39} The General Assembly's use of the word "shall" in R.C. 1923.09(B) indicates that where, as here, judgment is entered in favor of a plaintiff who is a mobile home park operator, the judge is under a mandatory obligation to include in the judgment entry authority for the park operator to pursue the remedies set forth in R.C. 1923.12, 1923.13(B), and 1923.14(B). *See State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, ¶ 28 (stating that "[w]e have repeatedly recognized that use of the term 'shall' in a statute or rule connotes a mandatory obligation unless other language evidences a clear and unequivocal intent to the contrary"); *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102 (1971) paragraph one of the syllabus (stating that "[i]n statutory construction, * * * the word 'shall' shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that [it] receive a construction other than their ordinary usage"). It is undisputed that the judgment entry entered in the instant case does not include the language mandated by R.C. 1923.09(B). Because the trial judge did not render judgment in accordance with the mandates of R.C. 1923.09(B), we sustain appellant's first assignment of error.

{¶ 40} In her second assignment of error, appellant contends the trial erred in overruling her post-judgment motions for new trial as moot. App.R. 12(A)(1)(b) and (c) provide that an appellate court shall "[d]etermine the appeal on its merits on the assignments of error set forth in the brief * * * [u]nless an assignment of error is made moot by a ruling on another assignment of error." Our ruling on appellant's first assignment of error renders moot her second assignment of error as our ruling on the first assignment of error requires the reversal of the original May 4, 2023 judgment entry.

## IV. Conclusion

{¶ 41} Having sustained appellant's first assignment and having rendered moot her second assignment of error, we reverse the May 4, 2023 judgment of the Franklin County Municipal Court[8] and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Motion to dismiss denied*;
*judgment reversed*
*and cause remanded.*

JAMISON and LELAND, JJ., concur.

---

[8] "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by App.R. 4." App.R. 3(A). If an appellant fails to meet the timing requirements of App.R. 4, the court of appeals lacks jurisdiction to hear the appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17. Pursuant to App.R. 4(A)(1), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(B) sets forth exceptions to the timing requirements of App.R. 4(A). Relevant to this appeal, under App.R. 4(B)(2)(b), if a party files a "timely and appropriate" motion for new trial under Civ.R. 59, "then the time for filing a notice of appeal from the judgment or final order in question begins to run as to all parties when the trial court enters an order resolving" the motion. Here, the trial court entered the judgment of eviction on May 4, 2023. As appellant did not file her notice of appeal until June 16, 2023, she missed the deadline for filing unless the App.R. 4(B)(2)(b) exception applies and extends that deadline. Appellant may rely on the App.R. 4(B)(2)(b) exception because she filed her motions for new trial on May 18 and 31, 2023, which is within the 28-day period set forth in Civ.R. 59(B).