[Cite as *State v. Luna*, 2024-Ohio-5706.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,        :

    v.                                  :

                    No. 113655

GREGORY LUNA,                          :

    Defendant-Appellant.      :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED, REVERSED, AND REMANDED
**RELEASED AND JOURNALIZED:** December 5, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-683200-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda and Carl M. Felice, Assistant Prosecuting Attorneys, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Noelle A. Powell-Sacks, Assistant Public Defender, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Gregory Luna ("Luna") appeals his conviction and sentence following a guilty plea. Plaintiff-appellee State of Ohio concedes

reversible error occurred pursuant to Loc.App.R. 16(B).[1]  Following a thorough review of the record and law, this court vacates Luna's plea, reverses his conviction and sentence, and remands this matter to the trial court for further proceedings consistent with this opinion.

## Background and Facts

{¶ 2}  Luna was indicted on multiple counts arising from an automobile accident that occurred in the summer of 2023.  In October 2023, Luna pleaded guilty to aggravated vehicular assault, R.C. 2903.08(A)(1)(a), a third-degree felony; operating a vehicle while under the influence of alcohol or drugs ("OVI"), R.C. 4511.19(A)(1)(a), a first-degree misdemeanor; and criminal damaging, R.C. 2909.06(A)(1), a first-degree misdemeanor.

## Assignments of Error

{¶ 3}  Luna assigns three errors on appeal:

I.  Luna's guilty plea was not voluntarily, knowingly, and intelligently entered.

II.  The trial court erred when it failed to deduct the documented insurance payments that the victim received from the total restitution.

III.  Luna received ineffective assistance of counsel because counsel failed to object to the restitution amount and, thus, failed to trigger the requirement that the trial court hold a restitution hearing.

---

[1] Loc.App.R. 16(B) provides: "Notice of Conceded Error.  When a party concedes an error that is dispositive of the entire appeal, the party conceding the error shall file a separate notice of conceded error in lieu of a responsive brief.  Once briefing is completed, the appeal will be randomly assigned to a merit panel for review. The appeal will be submitted on the briefs unless the assigned panel sets an oral argument date."

**Discussion**

{¶ 4} In a conceded error case, where a party concedes the presence of a dispositive reversible error, this court conducts its own examination of the record to determine whether the concession accurately reflects settled law. *State v. Green*, 2024-Ohio-2174, ¶ 1 (8th Dist.); *State v. Forbes*, 2022-Ohio-2871, ¶ 2 (8th Dist.); *Cleveland v. Patterson*, 2020-Ohio-1628, ¶ 6 (8th Dist.); and Loc.App.R. 16(B).

**Guilty Plea**

{¶ 5} Generally, Crim. R. 11 governs pleas and rights upon entering pleas. The purpose of the colloquy is to ensure that a defendant is advised of and understands the defendant's constitutional and nonconstitutional rights, so the defendant has the information needed to enter a plea knowingly, intelligently, and voluntarily. *See, e.g., State v. Veney*, 2008-Ohio-5200; *State v.* Ballard, 66 Ohio St.2d 473 (1981).

{¶ 6} Luna contends the trial court failed to comply with Crim.R. 11(C)(2)(a) that requires "that a defendant understand the 'nature of charges against him and the maximum penalty involved' in order for his plea to be knowing, intelligent, and voluntary." *State v. Straley*, 2019-Ohio-5206, ¶ 19. Luna was informed during the colloquy that the aggravated vehicular assault charge was a low-tier offense subject to a potential sentence between nine and 36 months. The failure to correctly inform Luna of the maximum penalty was not a complete failure to address the maximum sentence under Crim.R. 11(C); thus, Luna must show

prejudice to establish the plea was not knowingly, intelligently, and voluntarily made. *State v. Dangler*, 2020-Ohio-2765, ¶ 23.

{¶ 7} The court asked the parties whether the aggravated vehicular assault charge was a "high tier or low tier" third-degree felony. Both parties responded that it was low tier. Luna was advised the term was nine to 36 months and could be imposed in six-month increments. The criminal damaging charge was subject to 180 days of incarceration, and three days of jail-time credit applied to the first-offense OVI.

{¶ 8} Luna, who had no criminal record, was sentenced three months after the plea. Again, the trial court inquired whether the aggravated vehicular assault charge was a high- or low-tier offense. The State read the applicable code section into the record that provided that the charge was a high-tier offense that carried a one- to five-year term of incarceration. The trial court stated, "That's what I thought when we were doing it, that I had some memory of that when I did the review with him." Tr. 25.

{¶ 9} Luna was sentenced to the maximum term of five years and $250 in costs for aggravated vehicular assault. For criminal damaging, the trial court said, "The sentence of the Court is [$]250 in costs." *Id.* The trial court also stated on the record that the sentence of the court for the OVI charge was "$375 in costs, 180 days" with a three-year license suspension, restricted plates, and the requirement to obtain a GED. *Id.* Mandatory alcohol counseling upon release was also included.

{¶ 10} The term of incarceration cited during the plea hearing was 180 days for the criminal damaging and three days for the OVI. The aggravated vehicular assault term imposed exceeded the total maximum term for all three charges cited at the plea hearing. "When a defendant receives a sentence that exceeds what the trial court previously informed the defendant was the maximum penalty, the prejudice is apparent on its face." *State v. Tackett*, 2023-Ohio-2298, ¶ 22 (8th Dist.), citing *State v. Drake*, 2017-Ohio-4027, ¶ 12 (9th Dist.).

{¶ 11} The State concedes Luna was incorrectly advised of the potential penalties and concedes the guilty plea should be vacated and the case remanded for further proceedings.

{¶ 12} The first assignment of error is sustained.

**Restitution**

{¶ 13} Luna argues that the trial court's restitution order was not in compliance with R.C. 2929.18(A)(1) and it exceeded the economic loss suffered by the victim. As Luna points out:

> R.C. 2929.18(A)(1) governs restitution. Under R.C. 2929.18(A)(1), a trial court may order restitution "to the victim of the offender's crime or any survivor of the victim" in an amount that does "not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense." The court may base the amount of restitution imposed "on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information." R.C. 2929.18(A)(1).

*State v. Speights*, 2021-Ohio-1194, ¶ 10 (8th Dist.).

{¶ 14} We also explained in *Speights* that the restitution amount ""must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty."" *Id.* at ¶ 11, quoting *State v. Johnson*, 2018-Ohio-3670, ¶ 55 (8th Dist.), quoting *State v. Gears*, 135 Ohio App.3d 297, 300 (6th Dist. 1999); *see also State v. Mills*, 2019-Ohio-706, ¶ 33 (8th Dist.) ("[P]rior to imposing restitution, a trial court must determine the amount of restitution to a reasonable degree of certainty, ensuring that the amount is supported by competent, credible evidence."). "A trial court must conduct a hearing to determine the amount of restitution only if 'the offender, victim, or survivor disputes the amount.'" R.C. 2929.18(A)(1).

{¶ 15} The record reflects the restitution amount contained in the trial court's documents totaled $35,338.12. The sum was not consistent with the prosecution's records. Defense counsel informed the trial court "there's indications that the insurance company is also paying for some of those sums that are contained in the packet." Tr. 26.

{¶ 16} After a sidebar, the trial court held:

Okay. There are some indications that apparently the insurance company paid something for the hospitalization and then they indicated to her that there were some moneys that were due from her, but there's only one. One that's for $5,320.00. So restitution is going to be ordered in the amount of $35,338.12.

Tr. 28.

{¶ 17} The State concedes that $26,129.23 in insurance payments documented in the trial court's file should have been deducted, which amount did

not reflect any out-of-pocket costs and should not have been included in the restitution figure.

{¶ 18} The record does not confirm that the restitution amount was based on competent, credible evidence.

{¶ 19} The second assignment of error is sustained.

**Ineffective assistance of counsel**

{¶ 20} App.R. 12(A)(1)(b) and (c) provide that an appellate court shall "'[d]etermine the appeal on its merits on the assignments of error set forth in the brief . . . [u]nless an assignment of error is made moot by a ruling on another assignment of error.'" *Greenlawn Cos. v. Canty*, 2024-Ohio-3412, ¶ 40 (10th Dist.). Luna's claim that counsel was ineffective for failing to object to the trial court's restitution finding and failing to request a hearing is rendered moot by this court's decision to vacate Luna's guilty plea, reverse his sentence and conviction, and remand for further proceedings according to this opinion.

**Conclusion**

{¶ 21} Luna's guilty plea is vacated, the trial court's judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHELLE J. SHEEHAN, P.J., and
EILEEN T. GALLAGHER, J., CONCUR