[Cite as *State v. Forbes*, 2022-Ohio-2871.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111245 |
| v. | : | |
| QUENTIN A. FORBES, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** August 18, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-660900-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Kristen Hatcher, Assistant Prosecuting
Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Erika Cunliffe, Assistant Public Defender, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} This case involves a claim of double jeopardy. Defendant-appellant

Quentin Forbes was driving the wrong way on I-90 west, and he crashed his vehicle

near the East 152nd exit ramp. The police who arrived to investigate the accident found a handgun in his vehicle, and his blood alcohol level was 0.328 at the time. He was charged with DUI under Cleveland Codified Ordinances 433.01 and received probation in the case.[1] Based on the same incident, Forbes was also indicted for DUI under R.C. 4511.19(A)(1)(g) and having weapons while under disability under R.C. 2923.13(A)(3) in the Cuyahoga County Court of Common Pleas. He entered a guilty plea in the case and was convicted of attempted having weapons while under disability, a fourth-degree felony, and DUI, a first-degree misdemeanor.

{¶ 2} On appeal, Forbes raises three assignments of error. In his second assignment of error, he argues his conviction and sentence for DUI in the common pleas court violated the prohibition against double jeopardy. The state filed a notice of conceded error regarding the claim pursuant to Loc.App.R. 16(B). After a review of the record and applicable law, we find merit to Forbes's double jeopardy claim and accordingly vacate his DUI conviction in the common pleas court.

{¶ 3} Pursuant to the Fifth Amendment's Double Jeopardy Clause, no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." Article I, Section 10 of the Ohio Constitution similarly provides that "[n]o person shall be twice put in jeopardy for the same offense." Double-jeopardy

---

[1] We note that the docket of the municipal court case, Cleveland M.C. No. 2021-TRC-010623, is not made part of the record on appeal, but the information regarding the municipal court case is provided in Forbes's presentence-investigation report, which is part of the record before us.

protections "prohibit multiple prosecutions for the same offense." *State v. Mutter*, 150 Ohio St.3d 429, 2017-Ohio-2928, 82 N.E.3d 1141, ¶ 23. In addition, the Double Jeopardy Clause prohibits multiple punishments for the same offense. *Mutter* at ¶ 15.

{¶ 4} Moreover, "'the fact that the indictment was brought in the name of the state of Ohio, and the other * * * charges in the name of the city * * *, does not affect the claim of double jeopardy. * * *.'" *State v. Zima*, 102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542, ¶ 17, quoting *State v. Best*, 42 Ohio St.2d 530, 533, 330 N.E.2d 421 (1975). As the Supreme Court of Ohio explained, "'[t]he state and the city are parts of a single sovereignty, and double jeopardy stands as a bar to a prosecution by one, after an accused has been in jeopardy for the same offense in a prosecution by the other.'" *Id.*, quoting *Best* at 533.

{¶ 5} Here, Forbes was prosecuted for DUI, a first-degree misdemeanor, in the municipal court and received probation in the case, and he was indicted again for DUI in the common pleas court and placed on community control.[2] The multiple prosecutions and punishments violated his constitutional right against double

---

[2]As indicated in the PSI, Forbes was ultimately convicted of having physical control (of a vehicle) while under the influence of alcohol, also a first-degree misdemeanor. Cleveland Codified Ordinances 433.01(o). He received 180 days in jail, with 177 days suspended, a fine, and probation, which includes completion of intervention programs. In the instant common pleas court case, for his conviction of attempted having weapons while under disability and DUI, he was sentenced to four years of community control "on each count." The community control sanctions include 365 days of house arrest with GPS monitoring. The trial court also suspended his driver's license for seven years.

jeopardy. Accordingly, Forbes's conviction of DUI in this case is to be vacated, as the state concedes. The second assignment of error is sustained.

{¶ 6} Forbes raises two additional assignments of error. Under the third assignment of error, he argues his trial counsel provided ineffective assistance of counsel for failing to seek a dismissal of the DUI charge in the common pleas court case on double jeopardy grounds. This assignment of error is moot in light of our resolution of the second assignment of error.

{¶ 7} Forbes's first assignment of error relates to the seven-year driver's license suspension he received in this case. The sentencing transcript reflects the trial court imposed a seven-year driver's license suspension as part of the punishment for his DUI offense. Forbes argues that, because this was his first DUI in ten years, he was only subject to a suspension of one to three years pursuant to R.C. 4511.19(G)(1)(a)(iv). Because we vacate Forbes's conviction of DUI, his driver's license suspension is to be vacated by the trial court upon remand and this assignment of error is moot as well.

{¶ 8} Forbes's conviction of DUI in the common pleas court is vacated on double jeopardy grounds, and this case is remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure

_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., and
LISA B. FORBES, J., CONCUR