[Cite as *Cleveland v. Jones-McFarlane*, 2024-Ohio-1886.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

CITY OF CLEVELAND,                    :

     Plaintiff-Appellee,              :              No. 113433

     v.                                        :

TOMIKA JONES-MCFARLANE,        :

     Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND VACATED
**RELEASED AND JOURNALIZED:** May 16, 2024

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2022-CRB-005035

---

*Appearances:*

Mark Griffin, Cleveland Director of Law, Aqueelah Jordan, Chief Prosecutor and Kevin Burns, Assistant Prosecutor, *for appellee.*

The Law Office of Schlachet and Levy and Eric M. Levy, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Appellant, Tomika Jones McFarlane ("McFarlane"), has appealed her conviction on a charge of domestic violence following a bench trial in the Cleveland Municipal Court.

{¶ 2} In her appeal, McFarlane raises four assignments of error:

Assignment of Error I: Appellant was denied her rights under the Ohio and United States Constitutions to confront and cross-examine witnesses against her where the case proceeded forward through trial and relied upon a body camera video which did not depict the entire incident and which was not properly authenticated absent testimony from the alleged victim and absent testimony from any police officer or party who personally witnessed the alleged events.

Assignment of Error II: Appellant was erroniously [sic] convicted of domestic violence absent sufficient evidence to support each element of the offense.

Assignment of Error III: Appellant's conviction for domestic violence was entered against the manifest weight of the evidence presented against her.

Assignment of Error IV: Appellant was denied her right to a speedy trial.

{¶ 3} Appellee, the city of Cleveland, conceded the error as set forth in McFarlane's second assignment of error: on the grounds of sufficiency of the evidence.

{¶ 4} Upon review, and in light of the city's concession, all other assignments of error are rendered moot. *See* App.R. 12(A)(1)(c).

{¶ 5} Judgment reversed and conviction is vacated.

It is ordered that appellee bear the costs of this action.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_[signature]_

EILEEN A. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS (WITH SEPARATE OPINION)


SEAN C. GALLAGHER, J., CONCURRING:

{¶ 6} I fully concur with the majority opinion. When a party concedes an error that is dispositive of the entire appeal, this court conducts its own review of the record to determine whether error occurred. *See, e.g.*, *State v. Forbes*, 8th Dist. Cuyahoga No. 111245, 2022-Ohio-2871, ¶ 2; *Cleveland v. Patterson*, 8th Dist. Cuyahoga No. 109274, 2020-Ohio-1628, ¶ 6; *see also* Loc.App.R. 16(B). I agree that upon review, the conceded error is substantiated by the record. In light of the sufficiency challenge presented, I offer some additional analysis.

{¶ 7} Appellant challenges her conviction for domestic violence in violation of R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause physical harm to a family or household member." Appellant argues, and the city concedes, that there was insufficient evidence to show the alleged victim is a "family or household member," which is an essential element for the offense. Relevant hereto, R.C. 2919.25(F) defines a "Family or household member" as follows:

(a) Any of the following who is residing or has resided with the offender:

* * *

(ii) * * * another person related by consanguinity or affinity to the offender; * * *.

{¶ 8} In this case, the charge of domestic violence stemmed from an incident between the appellant and her sister, and the incident occurred at their father's home. After a careful review of the record, including the transcript, it appears that although there was some testimony to show that the appellant is related to the alleged victim by consanguinity, there is no evidence to show that the alleged victim "is residing or has resided with the offender." Because there is insufficient evidence to prove this element of the offense beyond a reasonable doubt, the second assignment of error should be sustained.

{¶ 9} Accordingly, I concur with the majority decision to reverse the judgment and vacate appellant's conviction, thereby rendering the remaining assignments of error moot.