[Cite as *State v. Green*, 2024-Ohio-2174.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,      :

                                    No. 113595

    v.                       :

SIDNEY GREEN,                     :

    Defendant-Appellant.     :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** June 6, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-684295-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Liam E. Blake, Assistant Prosecuting Attorney, *for appellee.*

Gregory T. Stalka, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Sidney Green appeals his conviction arising from a guilty plea to largely uncontested facts, claiming that the trial court omitted any discussion of Green's Fifth Amendment privilege against compulsory self-incrimination during the plea colloquy. The state concedes that reversible error occurred. When a party

concedes an error that is dispositive of the appeal, this court conducts its own review of the record to determine whether the concession accurately reflects settled law based on the record presented for review. *See, e.g., State v. Forbes*, 8th Dist. Cuyahoga No. 111245, 2022-Ohio-2871, ¶ 2; *Cleveland v. Patterson*, 8th Dist. Cuyahoga No. 109274, 2020-Ohio-1628, ¶ 6; *see also* Loc.App.R. 16(B). Upon that review, we agree with the parties that the plea was invalid based on the inadvertent omission during the change-of-plea colloquy of an advisement regarding Green's Fifth Amendment privilege against compulsory self-incrimination.

{¶ 2} Green has an extensive, recent history of criminal behavior ranging between 2018 and 2022, which subjected him to four separate terms of community-control sanctions, all of which appear to have been served by the time of the most recent offense. In this case, Green was charged with a first-degree felony aggravated burglary under R.C. 2911.11, a second-degree felony burglary under R.C. 2911.12, a fifth-degree felony strangulation under R.C. 2903.13, and a first-degree misdemeanor assault under R.C. 2903.13. The underlying events giving rise to the most recent offenses are concerning. Late at night, Green, a 44-year-old male, approached a random stranger's house and knocked on the window and front door. The 70-year-old female occupant cracked open the front door, and Green immediately wedged his foot into the opening to prevent the door from being closed. He then grabbed the woman by her throat. She was able to scream and possibly bite Green's hand. Green ran off. He appears to have been under the influence of

methamphetamine at the time. The episode was by and large captured on a doorbell camera.[1]

{¶ 3} The state offered Green a plea deal that included dismissing the most severe offense in exchange for guilty pleas to the three less severe offenses. Green accepted the state's offer; however, the trial court inadvertently omitted an advisement regarding Green's privilege against compulsory self-incrimination during the colloquy, as required under Crim.R. 11(C)(2)(c). *See State v. Miller*, 159 Ohio St.3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 14 ("'"[T]he trial court must orally inform the defendant of the rights set forth in Crim.R. 11(C)(2)(c) during the plea colloquy for the plea to be valid."'"), quoting *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 29, and *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981). Neither the state nor defense counsel caught the omission during the colloquy despite the trial court asking for confirmation that all procedural matters were adequately addressed.[2] This inadvertent omission is dispositive under black-letter law.

---

[1] Green admitted to most of the underlying facts but indicated during the sentencing hearing that he did not believe he strangled the victim, a line of inquiry cut off, given the implications of contradicting his guilty plea to the strangulation offense. He nonetheless was admittedly under the influence of methamphetamine at the time of the attack, and his memory of the events was questioned by the court.

[2] We presume that neither attorney caught the omission during the colloquy because of the duty of candor to the court. Although neither party is under an obligation to unilaterally identify procedural miscues leading to appellate issues, they are obligated to disclose controlling legal authority applicable to the proceedings that are within their knowledge, especially when directly asked by the trial court. In a perfect world, the state would have identified the procedural misstep when asked, relieving the defense counsel

{¶ 4} When a trial court omits an advisement dealing with one of the five constitutional rights under Crim.R. 11(C)(2)(c), the plea is invalid as a matter of law, without any requirement of demonstrating prejudice to the defendant. *Veney* at ¶ 30; *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 17 (reaffirming that if the trial court fails to comply with the relevant provision of Crim.R. 11(C)(2)(c), a plea is invalid because historically, the failure to advise of a constitutional right thereunder is an exception to the need to demonstrate prejudice). Although there is a presumption as to the invalidity of the plea in this situation, that presumption cannot be rebutted. *See Veney*. The sole remedy is to vacate the guilty plea as invalid and remand for further proceedings regardless of the individual circumstances of the case.

{¶ 5} In short, the state's concession is required given the black-letter law implicated by Green's sole assignment of error. Green's conviction is vacated, the

of the burden, and in a more perfect world, the trial court would have self-corrected. But as with all things in life, mistakes happen. It is for that reason that courts generally conclude that perfection is not required to uphold the validity of a proceeding. *Lutwak v. United States*, 344 U.S. 604, 619, 73 S.Ct. 481, 97 L.Ed. 593 (1953). Unfortunately, that is not the case in this context.

This opinion should not be read to cast aspersion on the trial court or participants but is more of a reflection on the Ohio Supreme Court's draconian remedy to the failure to achieve perfection when failing to adhere to the advisements contained in Crim.R. 11(C)(2)(c). As has been noted, strict adherence to Crim.R. 11(C)(2)(c) is not required by federal law; the failure to advise can turn on whether the defendant demonstrates prejudice from the failure to advise. *Veney* at ¶ 33-39 (Lanzinger, J., dissenting). The financial and judicial resources expended on correcting minor mistakes within the plea colloquy should not be ignored. It is perhaps time to revisit the presumption imposed by *Veney* that favors invalidating all pleas that fail to comply with Crim.R. 11(C)(2)(c) without requiring a showing of prejudice to the defendant. It appears that the strict adherence requirement has led to nothing but a "gotcha" game where inadvertent mistakes during the colloquy are exploited to test the sentencing waters.

original indictment is reinstated, *see, e.g., State v. Meadows*, 8th Dist. Cuyahoga No. 108452, 2020-Ohio-3888, ¶ 29, and the matter remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
MICHAEL JOHN RYAN, J., CONCUR