[Cite as *State v. Davis*, 2025-Ohio-840.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 114243 |
| TERRANCE DAVIS, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 13, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-661970-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Christopher Woodworth, Assistant Prosecuting Attorney, *for appellee*.

Terrance Davis, *pro se*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Terrance Davis ("Davis"), appeals his 24-month sentence following a community-control sanctions violation hearing. Upon review, we reverse and remand the matter for further proceedings.

## I.    Facts and Procedural History

{¶ 2} In August 2021, Davis was indicted in a two-count indictment for offenses occurring on or about February 2021.  Count 1 charged Davis with having weapons while under disability, a third-degree felony, and Count 2 charged him with carrying a concealed weapon, a fourth-degree felony.   Both counts carried a forfeiture of a weapon specification.  In October 2022, Davis entered a guilty plea to having weapons while under disability with a forfeiture specification, as charged in Count 1 of the indictment. Count 2 was nolled.  Davis was immediately sentenced to one year of community control under the supervision of the adult probation department.  The trial court indicated that a violation of community-control terms and conditions "may result in more restrictive sanctions, or a prison term of 24 months as approved by law." (Journal entry, Oct. 31, 2022.)

{¶ 3} In December 2022, Davis failed to report pursuant to the terms and conditions of community control and a capias was issued.  Davis was apprehended in July 2024 and a community-control sanctions hearing was held in August 2024.  At the hearing, Davis was declared indigent and assigned counsel.  Assigned counsel happened to be the then prosecuting attorney who appeared on behalf of the State at Davis' change-of-plea and sentencing hearings.  The trial court found Davis in violation of community-control conditions, terminated community-control, and sentenced Davis to 24-months imprisonment.

{¶ 4} Davis filed this appeal, pro se, raising three assignments of error for review.

**Assignment of Error No. 1**

The trial court erred, as a matter of law, by sentencing [Davis] to a two-year term of incarceration.

**Assignment of Error No. 2**

The trial court erred, to the prejudice of [Davis], in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution and Crim R. 32(A)(1) where the trial court misused its power and ability to uphold the law by the laws put forth by sentencing [Davis] to prison without the proper proceedings suggested by law.

**Assignment of Error No. 3**

Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article 1 of the Ohio Constitution and the Sixth and Fourteenth Amendments of the United States Constitution.

The State filed a notice of conceded error pertaining to Davis' third assignment of error. The State subsequently filed a responsive brief to Davis' first and second assignments of error. Because it is dispositive, we address only Davis' third assignment of error.

## II. Law and Analysis

{¶ 5} In his third assignment of error, Davis claims that he was denied effective assistance of counsel because defense counsel failed to object or advise that additional time was needed to prepare for Davis' hearing, prejudicing his defense. Davis further claims that his newly assigned defense counsel previously prosecuted him in the same case, "which clearly shows a conflict of interest."

{¶ 6} In its notice of conceded error, the State notes its agreement with Davis, advising that "the attorney that prosecuted [Davis] also appeared at a later date, in

a private capacity, as his counsel for a probation violation hearing that resulted in the revocation of probation and imposition of a prison sentence." The State "concedes that [Davis] may have been denied effective assistance of counsel" and requests the matter be remanded to the trial court for a new community-control violation hearing.

{¶ 7} As an initial matter we note that "[w]hen a party concedes an error that is dispositive of the appeal, this court conducts its own review of the record to determine whether the concession accurately reflects settled law based on the record presented for review." *State v. Green*, 2024-Ohio-2174, ¶ 1 (8th Dist.)*,* citing *State v. Forbes*, 2022-Ohio-2871, ¶ 2 (8th Dist.), *Cleveland v. Patterson*, 2020-Ohio-1628, ¶ 6 (8th Dist.), and Loc.App.R. 16(B). With that standard of review in mind, we turn to Davis' right to effective, conflict-free assistance of counsel.

{¶ 8} "The fundamental right to counsel includes a 'correlative right to representation free from conflicts of interest.'" *State v. Williams*, 2021-Ohio-3152, ¶ 6, quoting *State v. Gillard*, 64 Ohio St.3d 304, 311 (1992). Under the Sixth Amendment to United States Constitution, supporting caselaw, and the Ohio Rules of Professional Conduct, defense counsel has a duty to provide effective, conflict-free assistance of counsel. *Id.* "Both defense counsel and the trial court are under an affirmative duty to ensure that a defendant's representation is conflict-free." *Id.,* citing *State v. Dillon,* 74 Ohio St.3d 166, 167-168 (1995).

{¶ 9} The Ohio Rules of Professional Conduct also establish when or how a conflict of interest is created, whether a conflict can be waived, and the requirements

for waiver, if applicable.  For instance, a lawyer's acceptance of a client creates a conflict of interest if "there is a *substantial* risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests." (Emphasis in original.) Prof.Cond.R. 1.7(a)(2).  If a conflict of interest would be created, a lawyer cannot accept representation of a client unless 1) the lawyer will be able to provide competent and diligent representation to each affected client; 2) each affected client gives informed consent, confirmed in writing; and 3) the representation is not prohibited by law and does not involve the assertion of a claim by one client against another client in the same proceeding.  Prof.Cond.R. 1.7(b)-(c).  Moreover, a lawyer who formerly served as a public officer or government employee cannot represent a client in connection with a matter in which the lawyer personally and substantially participated unless the appropriate government agency gives its informed consent, confirmed in writing.  Prof.Cond.R. 1.11(a)(2).

{¶ 10} Our review of the record reveals a clear conflict of interest exists in this case: assigned defense counsel for Davis' community-control violation hearing was previously the State's prosecuting attorney in the same matter.  While transcripts from the trial court's proceedings are not before this court, it does not appear from the record that either Davis or the State provided informed consent, confirmed in writing.  Moreover, the State concedes that Davis may have been denied effective, conflict-free  assistance  of  counsel  and  requests  the  matter  be  reversed  and

remanded "[o]ut of an abundance of caution and in an effort to avoid any semblance of impropriety." Accordingly, we sustain Davis' third assignment of error, rendering his other two assignments of error moot.

{¶ 11} Judgment reversed and remanded to the trial court for the assignment of new defense counsel and a community-control violation hearing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, A.J., and
EILEEN T. GALLAGHER, J., CONCUR