[Cite as *State v. Chambers*, 2025-Ohio-1837.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

      Plaintiff-Appellant,              :

      v.                                           :

                   Nos. 114634, 114635, and 114636

TIMMY CHAMBERS, JR.,                           :

      Defendant-Appellee.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** May 22, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-21-657311-A, CR-21-659496-A, and CR-23-683848-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Gregory J. Ochocki, Assistant Prosecuting
Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Rick L. Ferrara, Assistant Public Defender, *for appellee.*

ANITA LASTER MAYS, J.:

{¶ 1} In these consolidated cases, plaintiff-appellant State of Ohio ("State")
appeals the trial court's application of jail-time credit separately to multiple prison
sentences that were ordered to run consecutively. Defendant-appellee Timothy

Chambers, Jr. ("Chambers") concedes that reversible error occurred pursuant to Loc.App.R. 16(B).[1]

{¶ 2} In a conceded-error case, where a party concedes the presence of a dispositive reversible error, this court conducts its own examination of the record to determine whether the concession accurately reflects settled law. *State v. Green*, 2024-Ohio-2174, ¶ 1 (8th Dist.); *State v. Forbes*, 2022-Ohio-2871, ¶ 2 (8th Dist.); *Cleveland v. Patterson*, 2020-Ohio-1628, ¶ 6 (8th Dist.); and Loc.App.R. 16(B).

{¶ 3} Following a thorough review of the record and law, this court vacates the judgments granting the 197-day jail-time credit in each case. CR-23-683848 is remanded to the trial court to grant an additional 151 days of jail-time credit. When added to the 46 days of jail-time credit previously granted in that case, this totals the 197 days of credit to which Chambers is entitled.

{¶ 4} In CR-21-657311, on February 22, 2022, Chambers pleaded guilty to one count of drug trafficking in violation of R.C. 2925.03(A)(2), a fourth-degree felony as amended, and was sentenced to a one-year term of community-control sanctions ("CCS") carrying an 18-month prison sentence for violating the CCS conditions.

{¶ 5} In CR-21-659496, also on February 22, 2022, Chambers pleaded guilty to one count of domestic violence in violation of R.C. 2919.25(A), a fourth-

___

[1] Loc.App.R. 16(B) provides: "Notice of Conceded Error.  When a party concedes an error that is dispositive of the entire appeal, the party conceding the error shall file a separate notice of conceded error in lieu of a responsive brief.  Once briefing is completed, the appeal will be randomly assigned to a merit panel for review.  The appeal will be submitted on the briefs unless the assigned panel sets an oral argument date."

degree felony, as amended. Chambers was sentenced to one-year of CCS, subject to the imposition of an 18-month prison sentence for violating the CCS conditions.

{¶ 6} On September 19, 2023, Chambers appeared before the trial court for violating CCS in CR-21-657311 and CR-21-659496. CCS was terminated, and the trial court imposed an 18-month prison sentence on each case to be served consecutively. Also on that day, in CR-23-683848, Chambers pleaded guilty to one count of domestic violence, in violation of R.C. 2919.25(A), a fifth-degree felony as charged. Chambers was sentenced to a prison term of 12 months to be served consecutively to CR-21-657311 and CR-21-659496.

{¶ 7} Subsequently, Chambers filed a motion for jail-time credit for 197 days in CR-21-657311, CR-21-659496, and CR-23-683848-A. The motion requested credit for all jail-time awaiting commitment pursuant to R.C. 2949.08. Chambers explained that the trial court had properly granted eight days of jail-time credit in CR-21-657311 and 46 days in CR-23-683848 but that he was entitled to a total of 197 days. The motion provided, "Chambers respectfully requests that this Honorable Court grant him 143 days jail-time credit in addition to the [eight days of] post-sentencing transport time received in CR-21-657311 and 46 days in CR-23-683848."

{¶ 8} The trial court granted 197 days of jail-time credit in each case. The State appeals, posing a single assignment of error: The trial court erred when it applied the full amount of jail-time credit separately to multiple prison sentences that were ordered to run consecutively. Chambers agrees.

**{¶ 9}** R.C. 2967.191 requires the Ohio Department of Rehabilitation and Correction to "reduce" the prison term of a prisoner "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." In *State v. Fugate*, 2008-Ohio-856, the Ohio Supreme Court noted that "[w]hen a defendant is sentenced to consecutive terms, the terms of imprisonment are served one after another, [and] jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." *Id.* at ¶ 22. Neither R.C. 2967.191 nor *Fugate* prohibit a court from dividing the full amount of jail-time credit between two or more case numbers.

**{¶ 10}** The essential requirement is that the consecutive sentence is reduced by the full amount of jail-time credit. A defendant is not entitled to an application of the full amount of jail-time credit separately to multiple convictions in a way that results in receiving the full amount more than once. *State v. Bennett*, 2020-Ohio-3453, ¶ 20 (8th Dist.), citing *State v. Whitaker*, 2003-Ohio-3231, ¶ 9.

**{¶ 11}** Chambers concedes that he "did not request, nor does the law support, consecutive jail time credit of 197 days on each case. . . . *See* Adm.Code 5120-2-04(G): *see also State v. Fugate*, 2008-Ohio-856, ¶ 10." "The net effect of the trial court's current order is to give Chambers 591 days jail-time credit, which is incorrect."

**{¶ 12}** The assignment of error is sustained.

{¶ 13} The November 6, 2024 judgment entries granting 197 days of jail-time credit in each of CR-21-657311, CR-21-659496, and CR-23-683848 are vacated, leaving a 46-day jail-time credit in CR-23-683848 pursuant to the September 19, 2023 sentencing entry in the case. The parties contend that the trial court previously granted an eight-day jail-time credit in CR-21-657311.[2] However, there is no journal entry documenting the grant. For that reason, to provide Chambers with the 197 days of jail-time credit to which he is entitled, the trial court shall issue an entry granting an additional 151 days of jail-time credit in CR-23-683848 to the 46-day credit imposed in that case, totaling the 197-day credit. *Fugate*, 2008-Ohio-856, at ¶ 22. (Where a defendant is sentenced to consecutive terms, application of the jail-time credit to one term "gives full credit that is due, because the credit reduces the entire length of the prison sentence.") *Id*.

{¶ 14} Judgment vacated, and case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

---

[2] The Ohio Department of Rehabilitation's Notice of Calculation of Sentence filed with the trial court on October 17, 2023, contains references to the prior grant of an eight-day jail-time credit in CR-21-657311 and the 46-day credit in CR-23-683848.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EMANUELLA D. GROVES, J., CONCURS;
MICHELLE J. SHEEHAN, P.J., CONCURS IN PART AND DISSENTS IN PART (WITH SEPARATE OPINION)


MICHELLE J. SHEEHAN, P.J., CONCURRING IN PART AND DISSENTING IN PART:

{¶ 15} Respectfully, I concur in the court's judgment vacating the trial court's judgment entries granting 197 days of jail-time credit in each case. I write separately because I would remand for the trial court to calculate the appropriate jail-time credit in each case.

{¶ 16} Loc.App.R. 16(B) provides, in part, that "[w]hen a party concedes an error that is dispositive of the entire appeal, the party conceding the error shall file a separate notice of conceded error in lieu of a responsive brief." Here, Chambers filed a notice pursuant to this rule conceding that the trial court erred in granting him 197 days of jail-time credit in each case.

{¶ 17} Both parties agree that the trial court erred in granting Chambers 197 days of jail-time credit in each case separately, and both parties agree that Chambers is entitled to 197 days, in total, across all three cases. However, how those 197 days are to be allocated across the three cases is not conceded by the parties and is not the issue before us.

{¶ 18} For these reasons, I concur in part and dissent from the portion of the majority's decision ordering the trial court to grant Chambers an additional 151 days of jail-time credit in Case No. CR-23-683848 and would remand for the trial court to calculate the correct jail-time credit in each case.