[Cite as *Cleveland v. J.T.*, 2025-Ohio-2687.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

CITY OF CLEVELAND, :

  Plaintiff-Appellee, :

  No. 114797

  v. :

J.T., :

  Defendant-Appellant. :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** July 31, 2025

Civil Appeal from the Cleveland Municipal Court
Case No. 2016-TRC-030615

***Appearances:***

Mark Griffin, Law Director, City of Cleveland, Aqueelah A. Jordon, Chief Prosecutor, City of Cleveland, and Aric Kinast, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender and Erika B. Cunliffe, Assistant Public Defender, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} This appeal involves the Cleveland Municipal Court's denial of a motion to expunge and seal the record filed by defendant-appellant J.T. The

magistrate's decision, which was adopted by the municipal court, denied J.T.'s motion, finding that, "[s]pecifcally, the Court was informed that [J.T.] passed away." (Journal Entry, Jan. 13, 2025.) However, J.T. did not pass away and argues the court erred when it denied her motion without first proceeding to a hearing. Plaintiff-appellee the City of Cleveland ("City") has filed a notice of conceded error pursuant to Loc.App.R. 16(B), which provides in relevant part:  "**Notice of Conceded Error.**  When a party concedes an error that is dispositive of the entire appeal, the party conceding the error shall file a separate notice of conceded error in lieu of a responsive brief."  (Emphasis in original.)  The City agrees that if J.T. is not deceased, J.T.'s assignment of error is dispositive to the appeal and J.T. should have been entitled to a hearing on her motion to expunge.

{¶ 2}    "When a party concedes an error that is dispositive of the appeal, this court conducts its own review of the record to determine whether the concession accurately reflects settled law based on the record presented for review."  *State v. Green*, 2024-Ohio-2174, ¶ 1 (8th Dist.), citing *State v. Forbes*, 2022-Ohio-2871, ¶ 2 (8th Dist.); *Cleveland v. Patterson*, 2020-Ohio-1628, ¶ 6 (8th Dist.); Loc.App.R. 16(B).  Upon this review, we agree with the parties and find that the municipal court erred.  Therefore, we reverse the denial of J.T.'s motion to expunge and seal the record and remand the matter for the court to set a hearing date and hold a hearing on the motion.

## I. Facts and Procedural History

{¶ 3} In September 2016, J.T. was arrested and charged with driving under the influence.[1] In October 2016, she pled no contest to an amended charge of physical control of a vehicle. She was sentenced to 180 days in jail with 180 days suspended, 35 days of community work service, and six months of community-control sanctions. Shortly thereafter, J.T. sought to withdraw her plea, arguing that she was innocent and did not fully understand the ramifications of the no contest plea. The municipal court denied J.T.'s motion, and J.T. appealed to this court in *Cleveland v. [J.T.]*, 2017-Ohio-9156 (8th Dist.). On appeal, we found that the municipal court erred in failing to comply with Crim.R. 11(B) and Traf.R. 10(B) and reversed and remanded the matter. *Id.* at ¶ 10-11.

{¶ 4} Following our remand, there was no activity on the docket for over four years until an April 1, 2022 entry, which reflects that the case was "Added By Conversion." The next two entries on the docket were both dated February 7, 2023, and reflect that a registration hold letter was sent to J.T. and a registration block was sent to the Bureau of Motor Vehicles.[2] The following entries on March 6, 2024, and March 11, 2024, indicate that case was continued at J.T.'s request and J.T.'s motion to dismiss was granted. The only transcript available regarding the dismissal is dated March 7, 2024. In this proceeding, the court noted that too much time had

---

[1] We note that various dates reflected on the docket do not match with the dates on the journal entries themselves or with the dates on the transcripts. For ease of discussion, the dates referenced herein are from the docket.

[2] This block appears to have been released in April 2024.

passed since the case was filed in 2016, and then granted J.T.'s motion to dismiss. While the City objected to the dismissal, we note that it did not seek an appeal from the dismissal.

{¶ 5} In June 2024, J.T. filed a "motion to expunge and seal all official records pertaining to this case."[3] On January 9, 2025, there appeared to be a hearing on this motion before the chief magistrate. The City asked for a continuance so that it could file objections to the motion. The court continued the matter but no date was set on the docket. Then the chief magistrate issued a decision, denying J.T.'s motion because "[s]pecifcally, the Court was informed that [J.T.] passed away." On January 13, 2025, the successor judge adopted the chief magistrate's decision, in its entirety, and issued a judgment entry denying J.T.'s motion and finding that the court "was informed that [J.T.] has passed away." In her appellate brief, J.T. states that she "has not passed away. She is very much alive, and she would have made that point clear had the court undertaken the hearing it promised to schedule when it continued the matter on January 13, 2025." (J.T.'s appellate brief, p. 3.)

{¶ 6} J.T. now appeals, raising the following single assignment of error for review:

---

[3] While sometimes used interchangeably, "sealing" and "expungement" are not the same thing. "'Expungement occurs when a conviction is completely erased from one's record. Sealing is when the records are filed in "separate, secured location" and "cannot be seen by most people."'" *State v. W.A.R.*, 2024-Ohio-256, ¶ 13, fn. 2 (8th Dist.), quoting *State v. D.D.G.*, 2019-Ohio-4982, ¶ 5 (8th Dist.), quoting The Ohio Justice & Policy Center's Criminal Records Manual, Understanding and Clearing Up Ohio Criminal Records, and Overcoming the Barriers They Create, http://ohiojpc.org/wp-content/uploads/2015/07/OJPCs-Criminal-Record-Manual.pdf (accessed Sept. 18, 2019).

The trial court erred when it denied J.T.'s application to seal her dismissed case and in doing so without first proceeding to a hearing.

## II. Law and Analysis

{¶ 7} The parties agree that J.T. is entitled to a hearing. R.C. 2953.33, which governs the sealing of records, provides in pertinent part:

> (B)(1) Upon the filing of an application pursuant to division (A) of this section, *the court shall set a date for a hearing* and shall notify the prosecutor in the case of the hearing on the application. *The court shall hold the hearing* not less than forty-five days and not more than ninety days from the date of the filing of the application. The prosecutor may object to the granting of the application by filing a written objection with the court not later than thirty days prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

(Emphasis added.)

{¶ 8} The record in the instant case is clear — J.T.'s motion to expunge and seal the record was denied by the municipal court without first setting a hearing date and holding a hearing as required by the statute. The court mistakenly denied the motion on the basis that J.T. "passed away," even though she is "very much alive." Therefore, we reverse the court's judgment denying J.T.'s motion and remand to the court to set a hearing date and hold a hearing on the motion as set forth in R.C. 2953.33(B)(1).

{¶ 9} Accordingly, the sole assignment of error is sustained.

{¶ 10} Judgment is reversed, and the matter is remanded to the court to set a hearing date and hold a hearing on J.T.'s motion to seal her record.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, A.J., and
MICHAEL JOHN RYAN, J., CONCUR