[Cite as *State v. Jenkins*, 2025-Ohio-5146.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Nos. 114969 and 114970 |
| v. | : | |
| ORLANDO JENKINS, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** November 13, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-690037-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Appellant Orlando Jenkins ("Jenkins") challenges his conviction and sentence for drug trafficking. He raises four assignments of error:

> 1. The trial court erred by accepting Appellant's guilty plea because it was not knowingly, intelligently, or voluntarily made.

2. The trial court erred by denying appellant's motion to withdraw his guilty plea.

3. Appellant was deprived of his right to due process and effective assistance of counsel under the Sixth Amendment to the United States Constitution and Art. I, §10 of the Ohio Constitution.

4. The trial court's maximum sentence is contrary to law because it was based on a mistake of fact.

{¶ 2} The State has conceded the first assignment of error, specifically noting that Jenkins's plea was not knowingly, intelligently, or voluntarily made because the trial court failed to advise him of the mandatory period of postrelease control that would be imposed upon him. After a thorough review of the applicable law and facts, we find that the first assignment of error is dispositive, vacate Jenkins's conviction and sentence, and remand this matter for further proceedings.

## I. Procedural History

{¶ 3} Jenkins was indicted on various charges of drug trafficking, possession of drugs, and having weapons while under a disability, along with forfeiture and firearm specifications. Jenkins pled guilty to an amended count of drug trafficking, a felony of the first degree, along with a one-year firearm specification. At the plea hearing, he was advised that he faced a mandatory prison term of 3 to 11 years along with a mandatory fine.

{¶ 4} The court sentenced Jenkins to the maximum term of 11 years in prison, plus one year for the attendant firearm specification, to be served consecutively. The court further imposed postrelease control for a mandatory minimum of two years up to a five-year maximum.

**{¶ 5}** Following his sentencing, Jenkins moved to vacate his plea. The State opposed the motion, and the court denied it. Jenkins filed an appeal of the denial of his motion to vacate his plea and was granted leave to file a delayed appeal of his conviction and sentence.

## II. Law and Analysis

**{¶ 6}** "When a party concedes an error that is dispositive of the appeal, this court conducts its own review of the record to determine whether the concession accurately reflects settled law based on the record presented for review." *State v. Green*, 2024-Ohio-2174, ¶ 1 (8th Dist.), citing *State v. Forbes*, 2022-Ohio-2871, ¶ 2 (8th Dist.); *Cleveland v. Patterson*, 2020-Ohio-1628, ¶ 6 (8th Dist.); Loc.App.R. 16(B).

**{¶ 7}** The parties agree that the trial court failed to advise Jenkins during the plea hearing about the mandatory period of postrelease control that would be part of his sentence. While the court did discuss with Jenkins the fact that he had been on postrelease control from a prior offense, it did not advise him that he would be subject to further postrelease control.

**{¶ 8}** Crim.R. 11(C) sets forth certain constitutional and procedural requirements that a trial court must comply with prior to accepting a guilty plea. The Ohio Supreme Court has summarized appellate review of compliance with Crim.R. 11(C) as follows:

> Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure

of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*State v. Dangler*, 2020-Ohio-2765, ¶ 17. Relevant to the instant matter, Crim.R. 11(C)(2)(a) requires the trial court to address the defendant personally and "determine that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved."

{¶ 9} "This court has held that postrelease control constitutes 'a portion of the maximum penalty involved in an offense for which a prison term is imposed' under Crim.R. 11(C)(2)(a)." *State v. Ponomarenko*, 2024-Ohio-4789, ¶ 19 (8th Dist.), quoting *State v. Simmons*, 2013-Ohio-5026, ¶ 4 (8th Dist.). Pursuant to *Dangler*, a ""'trial court's total failure to inform a defendant of *a distinct component of the maximum penalty* during a plea colloquy constitutes a complete failure to comply with Crim.R. 11(C)(2)(a), thereby requiring the vacation of the defendant's guilty or no contest plea."'" (Emphasis added.) *State v. Lucas*, 2024-Ohio-4496, ¶ 15 (8th Dist.), quoting *State v. Rogers*, 2020-Ohio-4102, ¶ 19 (12th Dist.), quoting *State v. Fabian*, 2020-Ohio-3926, ¶ 20 (12th Dist.). *See also State v. Sarkozy*, 2008-Ohio-509, ¶ 22 (trial court completely failed to comply with Crim.R. 11(C)(2)(a) when the court entirely failed to mention postrelease control in the plea colloquy, despite the fact the defendant was subject to a mandatory period of postrelease control).

{¶ 10} The record in this matter is clear — at the plea hearing, the court made no mention of the mandatory postrelease control that Jenkins faced. By not

informing Jenkins of the mandatory postrelease control, the trial court completely failed to comply with the rule. Therefore, Jenkins's plea was not made knowingly, voluntarily, and intelligently. The first assignment of error is sustained, and the remaining assignments of error are rendered moot.

{¶ 11} Judgment vacated, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
DEENA R. CALABRESE, J., CONCUR