[Cite as *State v. Redding*, 2026-Ohio-128.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellant,           :

                              No. 115633

    v.                             :

MARIO REDDING,                             :

    Defendant-Appellee.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** January 15, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-07-499192-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Michael R. Wajda, Assistant Prosecuting Attorney, and Jordyn K. Dawson, Legal Intern, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and Britta Barthol, Assistant Public Defender, *for appellee*.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Appellant the State of Ohio ("State") appeals the judgment of the trial court granting appellee Mario Redding's ("Redding") motion to vacate or modify his lifetime driver's license suspension. The State raises two assignments of error:

1. The trial court erred when it granted Redding's motion to terminate his lifetime driver's license suspension before waiting the mandatory fifteen-year period established in R.C. 4510.54.

2. The trial court erred when it failed to hold a hearing before granting Redding's motion to terminate his lifetime driver's license suspension, as R.C. 4510.54(B) requires.

{¶ 2} Redding has conceded the second assignment of error, acknowledging that a hearing is statutorily required prior to the court granting a motion to terminate. After a thorough review of the applicable law and facts, we find that the second assignment of error is dispositive, vacate the order reinstating Redding's driving privileges, and remand this matter for the trial court to hold a hearing on the motion.

## I. Factual and Procedural History

{¶ 3} In 2007, Redding pled guilty to aggravated vehicular homicide, a felony of the second degree, in violation of R.C. 2903.06(A)(2). The trial court imposed an eight-year prison sentence and a lifetime suspension of Redding's driver's license.[1]

{¶ 4} Redding was released from prison in 2024. He subsequently filed a motion to vacate or modify his lifetime driver's license suspension. The State did not file a brief in opposition, although it may not have been served with the motion; the certificate of service only stated that the motion was electronically filed.

{¶ 5} The trial court granted the motion and reinstated Redding's driving privileges without holding a hearing. The State then filed the instant appeal.

---

[1] Redding also pled guilty in several other cases involving drug-possession and trafficking charges and was sentenced to an additional nine years in prison, to run consecutively to the aggravated-vehicular-homicide sentence.

## II. Law and Analysis

{¶ 6} "When a party concedes an error that is dispositive of the appeal, this court conducts its own review of the record to determine whether the concession accurately reflects settled law based on the record presented for review." *State v. Green*, 2024-Ohio-2174, ¶ 1 (8th Dist.), citing *State v. Forbes*, 2022-Ohio-2871, ¶ 2 (8th Dist.); *Cleveland v. Patterson*, 2020-Ohio-1628, ¶ 6 (8th Dist.); Loc.App.R. 16(B).

{¶ 7} The parties agree that the trial court failed to hold a hearing on Redding's motion to vacate or modify his lifetime driver's license suspension. The court may, in its discretion, schedule a hearing on a motion for modification or termination of a lifetime suspension under R.C. 4510.54. However, R.C. 4510.54(B) provides in clear, unequivocal language: "The court may deny the motion without a hearing but *shall not grant the motion without a hearing*." (Emphasis added.)

{¶ 8} By not holding a hearing prior to granting the motion and reinstating Redding's driving privileges, the trial court failed to comply with the mandatory language of R.C. 4510.54(B). The second assignment of error is sustained, and the remaining assignment of error is rendered moot.

{¶ 9} Judgment vacated, and this matter is remanded for the trial court to hold a hearing on Redding's motion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
KATHLEEN ANN KEOUGH, J., CONCUR