[Cite as *State v. Hicks*, 2026-Ohio-122.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115116 |
| v. | : | |
| JAYLON HICKS, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REMANDED
**RELEASED AND JOURNALIZED:** January 15, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-684821-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brad S. Meyer, Assistant Prosecuting Attorney, *for appellee.*

Kimberly Kendall Corral, *for appellant.*

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant Jaylon Hicks ("Hicks") appeals a conviction and sentence entered on the trial court's sentencing journal entry that he did not enter a guilty plea to. Plaintiff-appellee State of Ohio ("the State") concedes this error pursuant to Loc.App.R. 16(B). However, Hicks and the State disagree as to the

remedy. Following a thorough review of the record and law, we remand to the trial court for the limited purpose of issuing a nunc pro tunc entry to reflect what the trial court actually did.

## I.    Facts and Procedural History

**{¶2}** On August 12, 2024, Hicks pled guilty to 24 felony offenses, and an agreed recommended sentencing range of 17 to 22 years in prison. At the sentencing hearing, the trial court sentenced Hicks on the 24 counts he pled guilty to, but the sentencing journal entry included Count 185, a felony-5 breaking and entering.[1] Hicks did not plead guilty to Count 185, nor did the trial court sentence him on Count 185. As a result, Hicks filed this appeal and assigned one error for our review:

> The trial court committed plain error when it convicted and sentenced defendant-appellant on Count 185, where the record does not establish that Appellant Hicks plead[ed] guilty to Count 185.

## II.    Law and Analysis

**{¶3}** The State concedes this error and requests that we remand to the trial court for the limited purpose of issuing a nunc pro tunc entry to correctly reflect the plea agreement and sentence. However, Hicks asks that his convictions be vacated. We disagree. "In a conceded error case, where a party concedes the presence of a dispositive reversible error, this court conducts its own examination of the record to determine whether the concession accurately reflects settled law." *State v. Luna*, 2024-Ohio-5706, ¶ 4 (8th Dist.), citing *State v. Green*, 2024-Ohio-2174, ¶ 1 (8th

---

[1]The trial court's journal entry filed September 12, 2024, states that Hicks pleaded guilty to 25 felonies and lists Count 185, felony-5 breaking and entering, with a nine-month sentence. O.S.J. 186198911, filed Sept. 12, 2024.

Dist.); *State v. Forbes*, 2022-Ohio-2871, ¶ 2 (8th Dist.); *Cleveland v. Patterson*, 2020-Ohio-1628, ¶ 6 (8th Dist.); and Loc.App.R. 16(B).

{¶4} After a review of the record and the transcripts, we find that Hicks did not enter a guilty plea to Count 185, nor did the trial court, on the record, sentence him during the sentencing hearing on Count 185. Nonetheless, the sentencing journal entry mistakenly reflected a sentence on Count 185. "Proper use of a nunc pro tunc entry is limited to correcting a clerical error in a judgment or order so that the record reflects what the court actually did or decided." *State v. Aarons*, 2021-Ohio-3671, ¶ 26 (8th Dist.). "A nunc pro tunc entry cannot be used to supply omitted action or to indicate what the court might or should have done or intended to do." *Id*. We determine and the record reflects that the trial court sentenced Hicks to 24 counts that did not include Count 185. The proper remedy is to remand this case to the trial court to issue a nunc pro tunc entry to reflect what the trial court actually did.

{¶5} Therefore, appellant's assignment of error is sustained.

{¶6} Judgment remanded. This matter is remanded to the trial court for the limited purpose of issuing a nunc pro tunc entry so the record reflects what the court actually did.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHAEL JOHN RYAN, P.J., and
DEENA R. CALABRESE, J., CONCUR