[Cite as *State v. Humphries*, 2026-Ohio-1384.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                           :

    Plaintiff-Appellee,           :

                                  No. 115756

    v.                                           :

KENNETH HUMPHRIES, JR.,          :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 16, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-700627-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Patrick White, Assistant Prosecuting Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant Kenneth Humphries, Jr. appeals his misdemeanor domestic-violence conviction following a jury trial. The State concedes that reversible error occurred. When a party concedes an error that is dispositive of the appeal, an appellate court conducts its own review to determine

whether the concession accurately reflects settled law based on the record presented for review. *See, e.g., State v. Forbes*, 2022-Ohio-2871, ¶ 2 (8th Dist.); Loc.App.R. 16(B). Upon review, we agree with the parties that a reversible error occurred and therefore we reverse the trial court's judgment and remand for further proceedings.

{¶ 2} In 2020, Maple Heights Police responded to a residence and arrested Humphries in connection with a domestic disturbance report. Five years later in March 2025, Humphries was indicted in connection with that report with one count each of grand theft of a motor vehicle, a felony of the fourth degree (Count 1); unauthorized use of a motor vehicle, a first-degree misdemeanor (Count 2); and domestic violence, a first-degree misdemeanor (Count 3).

{¶ 3} Humphries, with the assistance of counsel, moved to dismiss the case, arguing preindictment delay. The motion contended that no plausible reason existed for the delay between incident and indictment and that such unjustifiable delay caused him actual prejudice because the area where the incident allegedly occurred has since been altered, the vehicle involved in the incident is no longer in the same condition or possibility unavailable, and a key witness's whereabouts are unknown. The State opposed the motion, countering that Humphries did not establish actual prejudice. The trial court summarily denied the motion on the day of trial. The case proceeded to a jury trial, and the jury found Humphries not guilty of Counts 1 and 2, but guilty of Count 3. The court imposed a sentence of community-control sanctions.

{¶ 4} Humphries now appeals, raising two assignments of error.

{¶ 5} In his first assignment of error, Humphries contends that the trial court erred in denying his motion to dismiss. He raises the following issues — (1) the trial court should have granted his motion to dismiss predicated on preindictment delay; (2) the trial court should have granted the motion to dismiss regarding Count 3 because the charge was a first-degree misdemeanor brought outside the two-year statute of limitations; and (3) trial counsel was ineffective for failing to properly raise in the motion to dismiss a statute-of-limitations violation.

{¶ 6} Regarding his first issue, we find no error by the trial court denying Humphries's motion to dismiss based on preindictment delay. In *State v. Jones*, 2016-Ohio-5105, the Ohio Supreme Court reiterated its standard that "'[a]n unjustifiable delay between the commission of an offense and a defendant's indictment therefore, which results in actual prejudice to the defendant, is a violation of the right to due process of law' under the United States and Ohio Constitutions." *Id* at ¶ 12, quoting *State v. Luck*, 15 Ohio St.3d 150 (1984), paragraph two of the syllabus.

{¶ 7} In this case, there is undoubtedly a delay that the State could not refute. Proving "actual prejudice," however, is more than speculative prejudice, and the *Jones* Court stated that the argument of faded memories is typically not sufficient. *Id*. at ¶ 20. Humphries contends that there is further prejudice because the whereabouts of his son are unknown and he was a potential witness to the alleged dispute. Although the son may be unavailable to testify, the *Jones* Court

noted that even the death of witnesses may not be actual prejudice unless it can be shown that the testimony was exculpatory and is unavailable by other means. *Id.* at ¶ 26. Here, Humphries states that his son's friend was also a witness, but makes no claim about his availability.

> The "*possibility* that memories will fade, witnesses will become inaccessible, or evidence will be lost is not sufficient to establish actual prejudice." (Emphasis added.) [*State v.*] Adams, [2015-Ohio-3954,] at ¶ 105, citing *Marion* at 325-326. Those are "the real possibilit[ies] of prejudice inherent in any extended delay," and statutes of limitations sufficiently protect against them. [*United States v.*] *Marion*, [404 U.S. 307] at 326. That does not mean, however, that demonstrably faded memories and actually unavailable witnesses or lost evidence cannot satisfy the actual-prejudice requirement.

(Emphasis in original.) *Id.* at ¶ 21. Accordingly, we find no error by the trial court denying Humphries's motion to dismiss based on preindictment delay.

{¶ 8} Regarding his second issue raised — statute of limitations — Humphries only raised in his motion to dismiss the issue of preindictment delay; he did not assert any argument contending that the first-degree misdemeanor domestic-violence charge should have been dismissed for violating the two-year statute-of-limitations period pursuant to R.C. 2901.13(A)(1)(b). A party cannot raise new issues or arguments for the first time on appeal; failure to raise an issue before the trial court results in a waiver of that issue for appellate purposes. *Lycan v. Cleveland*, 2019-Ohio-3510, ¶ 32-33 (8th Dist.). Accordingly, we find that the issue was not properly preserved for appellate review and it is summarily rejected.

{¶ 9} Despite his argument, Humphries recognizes that his trial counsel did not properly raise an argument about statute of limitations in the motion to

dismiss. Accordingly, he contends that this failure amounted to ineffective assistance of trial counsel. The State concedes that Humphries's counsel was ineffective for failing to raise this issue.

{¶ 10} U.S. Const., amend. VI and Ohio Const., art. I, § 10 provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The Supreme Court of the United States has recognized that "the right to counsel is the right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Reversal of a conviction for ineffective assistance of counsel requires a defendant to show that counsel's performance was deficient and that the deficient performance prejudiced the defense, depriving the defendant of a fair trial. *State v. Guffie*, 2024-Ohio-2163, ¶ 89 (8th Dist.), citing *State v. Hanna*, 2002-Ohio-2221, ¶ 109. Deficient performance occurs when counsel's conduct falls below an objective standard of reasonable representation. *State v. Bell*, 2017-Ohio-7168, ¶ 23 (8th Dist.). Prejudice is found when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 11} In this case, Humphries contends that his trial court's performance was deficient because counsel did not raise the additional argument that the misdemeanor domestic-violence offense was charged outside the two-year statute-of-limitations period pursuant to R.C. 2901.13(A)(1)(b). He further maintains that had counsel raised this argument, a reasonable probability exists that the offense

would have been dismissed and thus he would not have been subsequently convicted. Again, the State concedes this issue raised.

{¶ 12} A review of R.C. 2901.13(A)(1)(b), provides that the prosecution of a misdemeanor, other than a minor misdemeanor, is barred unless commenced within two years after the offense is committed. Here, the offense occurred in August 2020 and the prosecution was not commenced until 2025.

{¶ 13} Based on our independent review and the State's concession that Humphries was denied effective assistance of counsel because counsel failed to raise statute of limitations in the motion to dismiss, we sustain this issue raised in the first assignment of error, reverse Humphries's conviction, and remand the case for further proceedings. Having sustained the first assignment of error, the second assignment of error, challenging the manifest weight of the evidence, is rendered moot. *See* App.R. 12(A)(1)(c).

{¶ 14} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
TIMOTHY W. CLARY, J., CONCUR